1  DAVID ADELSTEIN (SBN 105250)
   dadelstein@BushGottlieb.com
2  BUSH GOTTLIEB SINGER LÓPEZ
   KOHANSKI ADELSTEIN & DICKINSON
3  A Law Corporation
   500 North Central Avenue, Suite 800
4  Glendale, California  91203-3345
   Telephone:  (818) 973-3200
5  Facsimile:  (818) 973-3201

6  Attorneys for Plaintiffs
   TRUSTEES OF THE DIRECTORS
7  GUILD OF AMERICA - PRODUCER
   PENSION PLAN AND TRUSTEES OF
8  THE DIRECTORS GUILD OF
   AMERICA - PRODUCER HEALTH
9  PLAN

10

                    UNITED STATES DISTRICT COURT

11

        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13  TRUSTEES OF THE DIRECTORS          CASE NO.
    GUILD OF AMERICA - PRODUCER
14  PENSION PLAN AND TRUSTEES          **COMPLAINT TO COMPEL AUDIT
    OF THE DIRECTORS GUILD OF          ENTRY AND TO RECOVER
15  AMERICA - PRODUCER HEALTH          UNPAID CONTRIBUTIONS
    PLAN,                              PURSUANT TO THE EMPLOYEE
16                                     RETIREMENT INCOME
                                       SECURITY ACT OF 1974 AND
17          Plaintiffs,                LMRA SECTION 185**

18          vs.                        **[29 U.S.C. §§ 185(a) and 1132(e)(1)]**

19  LAKESHORE ENTERTAINMENT
    GROUP, LLC, a California limited
20  liability company; and LAKESHORE
    ENTERTAINMENT CORP., a
21  Delaware Corporation

22          Defendants.

23

24         Plaintiff Trustees of the Directors Guild of America – Producer Pension Plans

25  and Plaintiff Trustees of the Directors Guild of America – Producer Health Plan

26  (collectively, "Plan Trustees" or "Plaintiffs") complain and allege as follows:

27  / / /

28  / / /

459647.2  12000-22022

                    COMPLAINT TO COMPEL AUDIT ENTRY

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

## JURISDICTION AND VENUE

1.    This is an action by the Plan Trustees for breach of a collective bargaining agreement between an employer and a labor organization representing employees in an industry affecting commerce pursuant to Section 301(a) of the Labor-Management Relations Act ("LMRA") [29 U.S.C. § 185(a)], and to compel an audit entry and collect unpaid contributions pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. §§ 1132(a)(3) and 1145].  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, ERISA Section 502 [29 U.S.C. § 1132(a)(3), (e)(1)], and Section 301(a) of the LMRA.

2.    Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in ERISA § 502(f) [29 U.S.C. § 1132(f)] and LMRA § 301(a) [29 U.S.C. § 185(a)].

3.    Venue is based on the location of the office in which the Directors Guild of America – Producer Pension and Health Plans (the "Plans") are located and administered, which is in the Central District of California, Western Division.  This venue is appropriate under ERISA § 502(e)(2) [29 U.S.C. § 1132(e)(2)] and LMRA § 301(a) [29 U.S.C. § 185(a)].

## PARTIES

4.    The Plans are "employee benefit plans" within the meaning of ERISA § 3(3) [29 U.S.C. § 1002(3)] that were created pursuant to written trust agreements between the Directors Guild of America, Inc. (the "DGA"), and motion picture, television, and commercial employers.  These agreements are known as the Directors Guild of America – Producer Pension Trust Agreement and the Directors Guild of America – Producer Health Trust Agreement (collectively, the "Trust Agreements").

5.    The Plans are "multiemployer plans" within the meaning of ERISA § 3(37)(A) [29 U.S.C. § 1002(37)(A)] in that more than one employer is required to

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

1  contribute to the Plans and the Plans are maintained pursuant to collective

2  bargaining agreements between the DGA and motion picture, television, and

3  commercial producers.  Plan Trustees administer the Plans and have a fiduciary duty

4  under ERISA to preserve and maintain the Plans' trust assets.

5        6.     At all times material herein, the DGA has been a labor organization

6  representing persons employed in the production of motion picture and television

7  programming, which is an industry affecting commerce within the meaning of

8  LMRA § 501(1) [29 U.S.C. § 142(1)].

9        7.     The Trust Agreements are maintained for the purposes of providing

10  their participants and beneficiaries with retirement benefits as well as medical,

11  surgical, and hospital benefits in the event of sickness, accident, disability, or death.

12  Under the Trust Agreements, Plan Trustees have control and authority over the

13  Plans and their assets including, without limitation, the authority to file actions to

14  protect the Plans' assets.  Plan Trustees have standing to file this action to compel

15  audit entry as fiduciaries defined in ERISA § 502(a)(3) [29 U.S.C. § 1132(a)(3)] and

16  the Trust Agreements.

17        8.     Defendant Lakeshore Entertainment Group ("Lakeshore Group") is and

18  at all times relevant herein has been a limited liability company organized and

19  existing under the laws of the State of California with its principal place of business

20  in the State of California, and is an "employer" within the meaning of ERISA § 3(5)

21  [29 U.S.C. § 1002(5)] and LMRA § 501(3) [29 U.S.C. § 142(3)].  As such,

22  Lakeshore Group is an employer as that term is used in LMRA § 301(a) [29 U.S.C.

23  § 185(a)].

24        9.     Defendant Lakeshore Entertainment Corporation ("Lakeshore Corp.")

25  is and at all times relevant herein has been a corporation organized and existing

26  under the laws of the State of Delaware with its principal place of business in the

27  State of California, and is an "employer" within the meaning of ERISA § 3(5)[29

28

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

1  U.S.C. § 1002(5)] and LMRA § 501(3) [29 U.S.C. § 142(3)].  As such, Lakeshore

2  Corp. is an employer as that term is used in LMRA § 301(a) [29 U.S.C. § 185(a)].

3       10.     The Plan Trustees are informed and believe and on that basis allege that

4  Lakeshore Corp. is one of two shareholders of Lakeshore Group and was formerly

5  an entity that directly engaged in the business of film production.  Collectively, the

6  entities will be referred to as "Lakeshore."

7       11.     Lakeshore has produced or caused the production of numerous motion

8  pictures (collectively, the "Projects") by entities Lakeshore owns and/or controls

9  ("Lakeshore Production Affiliates"), all produced pursuant to the terms of written

10  collective bargaining agreement between the DGA and these Lakeshore Production

11  Affiliates, incorporating the terms of the multi-employer industry-wide collective

12  bargaining agreement between the DGA and motion picture and television

13  producers (the "Basic Agreement").  These Lakeshore Production Affiliates have

14  hired DGA-represented employees on the Projects to perform services covered by

15  the Basic Agreement.

16       12.     Lakeshore has executed written agreements with the DGA in which

17  Lakeshore expressly agreed to be responsible for, and guarantee, the Production

18  Affiliates' performance of all obligations under the Basic Agreement and Trust

19  Agreements for the Projects.  By signing these written agreements with the DGA,

20  Lakeshore agreed to accept, assume, and be bound by the separate Trust Agreements

21  that established the Plans with respect to the Projects.

22       13.     Pursuant to ERISA § 515 [29 U.S.C. § 1145], an employer who is

23  obligated to make contributions to a multiemployer plan under the terms of the plan

24  or a collectively bargained agreement must make said contributions in accordance

25  with the plan or collectively bargained agreement.

26       14.     Pursuant to the Basic Agreement and Trust Agreements, Lakeshore is

27  required to pay pension and health contributions to the Plans based on a percentage

28  of gross receipts from the exploitation of the Projects in certain markets, including,

1 │ without limitation, free television, pay television, video cassette, and DVD

2 │ (hereinafter, "Contributions").

3 │     15.    Under the Basic Agreement and Trust Agreements, Plan Trustees may

4 │ audit or cause the audit or inspection of Lakeshore's books and records to assess

5 │ whether Lakeshore is in compliance with its obligations to remit Contributions to

6 │ the Plans with respect to the Projects.

7 │     16.    At all times material herein, and pursuant to the Trust Agreements and

8 │ the Basic Agreement, Lakeshore has had an affirmative duty to provide access to the

9 │ records necessary for the Plans to determine whether Lakeshore has complied with

10 │ its obligation to make timely and accurate Contributions to the Plans.

11 │ **FIRST CAUSE OF ACTION**

12 │ (Failure to Comply With Audit Obligations)

13 │     17.    Plan Trustees incorporate herein by reference all of the allegations

14 │ contained in paragraphs 1 through 16 above, inclusive.

15 │     18.    On or about January 4, 2012, Plan Trustees advised Lakeshore in

16 │ writing of their intent to audit Lakeshore's Contribution payments and requested

17 │ access to Lakeshore's books and records for the period of January 1, 2008 to

18 │ December 31, 2011 ["Audit Period"].

19 │     19.    Plan Trustees, by and through their auditors, made several demands on

20 │ Lakeshore for the production of books and records necessary to conduct the audit.

21 │     20.    Despite assurances to the Plan Trustees to the contrary, Lakeshore has

22 │ failed to fully cooperate with the audit and has not produced all of the books and

23 │ records necessary to conduct and complete the audit.

24 │     21.    On or about August 20, 2012, Plan Trustees engaged the services of

25 │ Bush Gottlieb Singer López Kohanski Adelstein & Dickinson to assist the Plans in

26 │ compelling Lakeshore to comply with its audit obligations under the Basic

27 │ Agreement and Trust Agreements.

28 │

Bush Gottlieb Singer López Kohanski Adelstein & Dickinson
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

459647.2 12000-22022

COMPLAINT TO COMPEL AUDIT ENTRY

22. In October 2013, the Plans and Lakeshore, through their respective legal counsel, agreed in principle to a six-month tolling agreement to permit completion of the audit, but despite repeated attempts by the Plans to finalize the agreement Lakeshore failed to do so.

23. To date, Lakeshore has failed to comply with the audit and it has failed to sign the tolling agreement.

24. Plan Trustees are informed and believe, and on that basis allege, that Lakeshore's actions, including refusing to sign a tolling agreement and its ongoing failure to allow the Plans' auditors to access the books and records necessary to complete the audit despite repeated requests to do so, was willful, wanton, and malicious, and intended to cause injury and has caused injury to Plan Trustees.

25. As a result of Lakeshore's failure to permit the Plan Trustees' auditors access to its books and records, the Plan Trustees are unable to verify that Lakeshore has made accurate Contributions to the Plans, owed as a result of Lakeshore's exploitation of the Projects and as required under the Basic Agreement and the Trust Agreements.

26. Plan Trustees are informed and believe, and on that basis allege, that there is no legal excuse for Lakeshore's refusal to cooperate with the audit and its refusal to sign the tolling agreement.

27. Lakeshore's ongoing refusal to cooperate with the audit constitutes a breach of its obligations under the Basic Agreement, the Trust Agreements, and federal law ERISA Section 515 [29 U.S.C. § 1145].

28. Under the Trust Agreements and ERISA § 502(2)(g), if litigation is necessary to compel such an audit, the employer is responsible for paying interest due on any unpaid contributions discovered thereafter, and all of the Plans' attorneys' fees, court costs, audit costs, and liquidated damages.

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

## SECOND CAUSE OF ACTION

(Breach of Collective Bargaining and Trust Agreements)

(Against All Defendants)

29.    Plan Trustees hereby incorporate herein by this reference paragraphs 1 through 28 above to the same effect as if set forth verbatim.

30.    Under the Basic Agreement and Trust Agreements, Lakeshore and the Lakeshore Production Affiliates are obligated to make Contributions on behalf of DGA-represented employees to the Plans for the Projects during the Audit Period.

31.    Plan Trustees are informed and believe, and thereon allege, that Lakeshore and the Lakeshore Production Affiliates have failed to pay to the Plans all the Contributions owed for the Projects during the Audit Period.

32.    Lakeshore and the Lakeshore Production Affiliates have breached the Trust Agreements and Basic Agreement by failing and refusing to make Contributions that are owed to the Plans during the Audit Period, and by engaging in other practices inconsistent with the terms of the Basic Agreement and Trust Agreements.  Plan Trustees are informed and believe and on that basis allege that Contributions are due and owing but Lakeshore and the Lakeshore Production Affiliates have failed and refused to properly pay all Contributions due to the Plans in an amount to be established at trial.

33.    Under the Trust Agreements and Basic Agreement, the Plans are entitled to reimbursement of all audit fees incurred in connection with conducting an audit of Lakeshore's books and records.  As a result of Lakeshore and the Production Affiliates' breach of the Trust Agreements, Basic Agreement, and ERISA, the Plans have been required to employ and compensate legal counsel to recover delinquent Contributions.

34.    Plan Trustees are seeking an award for Contributions, interest due on the unpaid Contributions, liquidated damages, audit fees, and reasonable attorneys' fees in pursuing collection of the delinquent Contributions and in connection with

1   any lawsuit brought to collect delinquent Contributions and court costs.  At this

2   time, the exact amount of Contributions due and owing cannot be ascertained.

3   These amounts will be established by proof at trial.

<h3 align="center"><strong><u>THIRD CAUSE OF ACTION</u></strong></h3>

(Violation of ERISA Sections 1132(g)(2) and 1145)

(Against All Defendants)

7   35.    Plan Trustees hereby incorporate herein by this reference paragraphs 1

8   through 34 above to the same effect as if set forth verbatim.

9   36.    Lakeshore and the Lakeshore Production Affiliates have violated

10  ERISA Section 515 [29 U.S.C. § 1145] by underpaying Contributions that are owed

11  to the Plans based upon Lakeshore and the Lakeshore Production Affiliates'

12  production and distribution of the Projects during the Audit Period.  Plan Trustees

13  are informed and believe and on that basis allege that Contributions are due and

14  owing but Lakeshore and the Lakeshore Production Affiliates have failed and

15  refused to properly pay all Contributions due to the Plans in an amount to be

16  established at trial.

17  37.    In any action brought under ERISA Section 515 [29 U.S.C. § 1145], in

18  addition to the interest payable on unpaid Contributions as permitted under the Trust

19  Agreements as described above, pursuant to ERISA Section 502(g)(2) [29 U.S.C. §

20  1132(g)(2)] if judgment is awarded in favor of the Plans, the Plans are entitled to an

21  amount equal to the greater of (1) interest on the unpaid Contributions or (2)

22  liquidated damages as provided for under the Trust Agreements in an amount not to

23  exceed 20 percent (or such higher amount as may be permitted under federal or state

24  law) of the amount the Court determines to be due in unpaid Contributions.  Under

25  the Trust Agreements, the Plans are entitled to 20 percent of the amount due in

26  unpaid Contributions as liquidated damages.

27  38.    Under the Trust Agreements and Basic Agreement, the Plans are

28  entitled to reimbursement of all audit fees incurred in connection with conducting an

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

1  audit of Lakeshore's books and records.  The Plans are entitled to recover these

2  audit fees pursuant to ERISA Section 1132(g)(2)(E) [29 U.S.C. § 1132(g)(2)(E)].

3       39.    As a result of Lakeshore and the Lakeshore Production Affiliates'

4  breach of the Trust Agreements, Basic Agreement, and ERISA, the Plans have been

5  required to employ and compensate legal counsel to recover delinquent

6  Contributions.  The Plans are entitled to recover their reasonable attorneys fees and

7  costs incurred to recover unpaid Contributions by ERISA Section 1132(g)(2)(D) [29

8  U.S.C. § 1132(g)(2)(D)].

9                      **PRAYER FOR RELIEF**

10      WHEREFORE, Plaintiffs pray for judgment as follows:

11      1.    a Court order requiring Defendants and their officers, employees, and

12  agents to submit to the audit and produce all books and records requested by

13  Plaintiffs within seven (7) calendar days of the entry of an order by this Court;

14      2.    for unpaid Contributions in an amount to be proven at trial;

15      2.    for unpaid audit fees in an amount to be determined at trial;

16      3.    for reasonable attorneys' fees and audit costs incurred by Plaintiffs in

17  an amount to be determined at trial;

18      4.    for costs of suit incurred herein; and

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

1    5.    for additional relief as this Court deems just and proper

2

3   DATED: December 4, 2013          Respectfully submitted,

4                                    DAVID ADELSTEIN
5                                    BUSH GOTTLIEB SINGER LÓPEZ
                                     KOHANSKI ADELSTEIN & DICKINSON
6                                    A Law Corporation

7

8

9                                    By: /s/ David Adelstein
10                                         DAVID ADELSTEIN
                                     Attorneys for Plaintiffs
11                                   TRUSTEES OF THE DIRECTORS GUILD OF
                                     AMERICA - PRODUCER PENSION PLAN
12                                   AND TRUSTEES OF THE DIRECTORS
                                     GUILD OF AMERICA - PRODUCER
13                                   HEALTH PLAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

459647.2  12000-22022

COMPLAINT TO COMPEL AUDIT ENTRY